UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Zachary Long, | Case No. 2:22-cv-00670-JAD-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Gamo Outdoor S.L.U., | |
| Defendant. | |

This is a personal injury action arising out of Plaintiff Zachary Long being shot with a pellet gun manufactured by Defendant Gamo Outdoor, S.L.U., a Spanish company. Defendant moves to stay discovery and for a protective order, arguing that Plaintiff is attempting to prematurely begin extensive discovery while Defendant's motion to dismiss on jurisdictional grounds is pending. (ECF No. 27). Because the Court finds that a stay is warranted, it grants Defendant's motion in part. The Court denies Defendant's motion in part to the extent it requests a protective order. The Court also denies the parties' joint discovery plan and sets discovery deadlines. (ECF No. 23). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

In April of 2016, Plaintiff's friend shot him in the head with a pellet gun allegedly manufactured by Defendant while Plaintiff and his friend were teenagers. (ECF No. 1 at 13). Plaintiff alleges that his friend did not know that the gun was loaded and cocked. (*Id.* at 14). Plaintiff asserts that the pellet struck his temple, penetrated his skull, and remains lodged in his brain behind his eye. (*Id.* at 21).

Plaintiff initiated a lawsuit in Nevada state court on August 16, 2017, naming Gamo Outdoor USA—the importer of the pellet gun, according to Defendant—and Defendant in this

action, Gamo Spain. (ECF No. 1 at 2). The state court dismissed Defendant from the action after Plaintiff failed to serve Defendant. (*Id.* at 2-3). The state court action is still pending. (*Id.*).

Plaintiff filed a separate case against Defendant—Gamo Spain—in state court on July 13, 2021. (ECF No. 14 at 12). The parties engaged in state court proceedings to determine whether, and the process by which, Plaintiff could sue Defendant in a separate action. (*Id.* at 12-13). After the Nevada Court of Appeals determined that Plaintiff could sue Defendant in a separate action, Defendant removed the action to this Court on April 22, 2022. (*Id.*).

Defendant moved to dismiss, arguing that the Court does not have personal jurisdiction over it and that, even if it did, Plaintiff's action is untimely. (ECF No. 5). The parties later held their Rule 26(f) conference and submitted a joint discovery plan and scheduling order. (ECF No. 23). However, in that joint plan, the parties disagree over discovery. (*Id.*). Defendant argues that the Court should stay discovery, or at least grant an additional six months (on top of the typical 180 days) for discovery. (*Id.* at 4). Plaintiff requests 180 days. (*Id.* at 3).

Defendant now moves to stay discovery pending the outcome of its motion to dismiss. (ECF No. 27). Defendant also requests a protective order allowing it to refrain from responding to Plaintiff's discovery requests—which Defendant finds excessive—until thirty days after the Court decides its motion to dismiss. (*Id.*). Plaintiff responds that a stay is unwarranted because Defendant's motion to dismiss is without merit and that Defendant has improperly raised the request for a protective order. (ECF No. 28). Defendant replies that the protective order request is really a request to delay its response and that a stay is warranted given the merits of its motion to dismiss. (ECF No. 29).

**II.    Discussion.**

   ***A.    The Court grants Defendant's motion to stay discovery.***

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure

do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value.").  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.*

This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted).  That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012).

The Court grants Defendant's motion to stay discovery.  The first factor weighs in favor of granting a stay.  Plaintiff has conceded that Defendant's pending motion to dismiss is

potentially dispositive. (ECF No. 28 at 11). And the Court notes that the motion is based in part on personal jurisdiction, the determination of which could dispose of all Plaintiff's claims before this Court.

The second factor also weighs in favor of granting a stay. Plaintiff asserts that additional discovery may be beneficial—if the Court needs it—to determine whether the Court has personal jurisdiction over Gamo. (ECF No. 28 at 11). But ultimately, Plaintiff concedes that additional discovery may not be necessary. (*Id.*).

The third factor weighs in favor of granting a stay.[1] Having taken a preliminary peek at the motion to dismiss and subsequent briefing, the Court finds that staying discovery will accomplish the objectives of Rule 1, especially because the motion raises a preliminary jurisdictional issue. Staying discovery would result in the just determination of the action. If the Court does not have personal jurisdiction over Defendant, then requiring Defendant to engage in discovery—particularly because Defendant has asserted that Plaintiff has served a large volume of requests—would be prejudicial. On the other hand, a brief stay in discovery is unlikely to harm Plaintiff, especially considering the long history of the case and because a similar action is proceeding in state court. While staying discovery would—if the case proceeds past the motion to dismiss stage—slightly delay the action, the Court does not find that the delay would be so great as to impede Rule 1's objective of a speedy determination. Finally, staying discovery would result in the inexpensive determination of the action by ensuring that the parties do not conduct unnecessary discovery before issues are resolved or narrowed by the motion to dismiss.

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudge its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance, although the undersigned has reviewed the arguments presented in the motion to dismiss and subsequent briefing.

### B. The Court denies Defendant's request for a protective order.

Rule 26(c) permits courts to issue a protective order upon a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Torres v. Rothstein*, No. 2:19-cv-00594-APG-EJY, 2020 WL 3808899, at *5 (D. Nev. July 6, 2020). This "burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Wells Fargo Bank, N.A. v. Iny*, No. 2:13-cv-01561-MMD-NJK, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014) (internal citation and quotation marks omitted). The moving party can satisfy its burden by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive. *Heyman v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:15-cv-01228-RFB-GWF, 2018 WL 10323384, at *1 (D. Nev. Apr. 20, 2018). Procedurally, a motion for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). And under Local Rule IC 2-2(b), for each type of relief requested or purpose of the document, a separate document must be filed.

Defendant requests that the Court issue a protective order finding that Defendant need not answer Plaintiff's discovery requests until after the motion to dismiss is decided and preventing Plaintiff from serving additional discovery requests. But the Court does not find this relief to be distinct from the discovery stay Defendant requests—a stay would accomplish these objectives anyway—or properly raised. Defendant has not shown good cause that harm will result from answering Plaintiff's discovery requests nor shown why the individual requests are overly broad, burdensome, or oppressive. Nor has Defendant certified that it conducted a good faith meet and confer or filed a separate motion for a protective order. The Court thus declines to grant a protective order but notes that the relief Defendant seeks is accomplished through the discovery stay.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 27) is **granted in part** in that discovery is stayed, no party must respond to outstanding discovery requests until thirty days after the stay is lifted, and no party may serve additional requests until the stay is lifted. Defendant's motion is **denied in part** regarding its request for a protective order.

**IT IS FURTHER ORDERED** that the Joint Discovery Plan and Scheduling Order (ECF No. 23) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulated discovery plan and scheduling order within 14 days of an Order on the pending motions to dismiss to the extent that the case survives.

DATED: July 18, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE